UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

JODY KRISS, et al.,

               Plaintiffs/Appellants,

-against-

BAYROCK GROUP LLC, et al.,

               Defendants/Appellees.

Docket No: 15-4077

**AFFIRMATION IN OPPOSITION TO APPELLANTS' MOTION TO REINSTATE THE APPEAL**

    **ROBERT S. WOLF,** an attorney duly admitted to this Court, affirms the following to be true under the penalty of perjury:

    1.    I represent Felix Sater, a Defendant-Appellee in the above-captioned matter.

    2.    I submit this affirmation in opposition to Appellants' Motions to Reinstate the Appeal (Dkt. No. 49) and Recall the Mandate (Dkt. No. 46). For the reasons set forth herein, Appellant's frivolous and disingenuous motion, their second bite at the apple, should be denied.

    3.    On December 17, 2015, Appellants filed a Notice of Civil Appeal in this action. (Dkt. No. 1). Appellants are represented by two lawyers in this matter, Richard Lerner ("Lerner") and Frederick Oberlander ("Oberlander").

    4.    On February 4, 2016, Lerner selected March 29, 2016 as the brief filing date pursuant to Local Rule 31.2. (Dkt. No. 30).

    5.    On February 8, 2016, this Court Ordered Appellants to file their brief:

> **"…on or before March 29, 2016. The appeal is dismissed effective March 29, 2016 if the brief is not filed by that date. A motion to extend the time to file the brief or to seek other relief will not toll the filing date."** (Dkt. No. 33).

    6.    On March 28, 2016, one day before Appellants' brief was due, Lerner filed a Motion for Extension of Time, citing his and Oberlander's busy work schedule as the sole reason for the requested extension. (Dkt. No. 34).

7.	Later that day, we filed an Opposition to Appellants' Motion, which noted that Appellants' untimely eleventh-hour motion "failed to provide any basis to even remotely satisfy the stringent standard set forth in Local Rule 27.1(f)(1), which provides that '[a]bsent an extraordinary circumstance, such as serious personal illness or death in counsel's immediate family, the court will not grant a motion to extend the time to file a brief.'" (Dkt. No. 36, ¶5).

8.	On April 20, 2016, this Court formally denied Appellant's motion for an extension of time and issued its Mandate dismissing the appeal effective March 29, 2016. Later that day, Oberlander filed a Motion for Reinstatement of the Appeal, citing, *for the first time*, personal illness as a justification for missing the filing deadline, stating "over the past year I have been in increasingly serious ill health to the point of having work restrictions imposed." (Dkt. No. 49, ¶5).

9.	Oberlander's newly-devised "extraordinary circumstance" runs clearly afoul of Local Rule 27.1(f)(3), which provides that "[a] party seeking to extend the time to file a brief must move <u>as soon as practicable after the extraordinary circumstance arises</u>." Not only has Oberlander known about his declining health for "the past year," but Appellants did not even raise his health as a basis for an extension of time in Lerner's Motion for an Extension of Time. Quite the opposite, Lerner indicated that he and Oberlander were extremely *busy* at the time the appeal brief was due. (Dkt. No. 36). Moreover, Oberlander was not hospitalized until *after* Lerner submitted his Motion for an Extension of Time. *See* Dkt. 49 ¶5 ("In the days immediately after the requested enlargement I was forced to seek urgent care and emergency room hospitalization four times in New York City and Southampton[.]"). The fact that Oberlander was in the hospital after the deadline does not explain why he was unable to help his co-counsel prepare the brief *before* the deadline. Indeed, to the extent Oberlander's health ever constituted an "extraordinary circumstance," it was apparently not even worth mentioning in Lerner's Motion for an Extension of Time.

10. In sum, Appellants filed a Notice of Appeal five months ago, on December 17, 2015. They have known about the brief filing deadline – *which they set* – since February 4, 2016. By their own admission, they were extremely busy up until the day before the brief filing deadline. Only now, after their prior excuse – that they were busy – failed to meet the stringent standard set forth in Local Rule 27.1(f)(1), do they take a second bite at the apple by disingenuously claiming that Oberlander had a "serious personal illness." This is a complete about-face.

11. While I am sympathetic to Oberlander's health issues, they are irrelevant and inapplicable to this motion. His poor health was clearly not an extraordinary circumstance at the time Lerner submitted the Motion for Extension of Time, as Lerner made absolutely no mention of it in the Motion for Extension of Time. Moreover, as co-counsel, Lerner was more than capable of supporting and assisting Mr. Oberlander. Appellants had five (5) months to work together to file this brief, more than enough time for one attorney to prepare a brief, let alone two. Only now, with their appeal dismissed, has Oberlander been substituted-in as the moving attorney to cite his health as a justification for missing their self-imposed brief filing deadline. His motion is clearly disingenuous and comes nowhere near to the requisite showing for an extension of time.

12. This brand of tag-team shenanigans by Oberlander and Lerner is nothing new. In numerous prior Orders and Decisions in related matters, this Court has recognized and sanctioned such behavior. Oberlander and Lerner stoop to a new low here, by claiming serious personal illness as an excuse. This disingenuous, Hail Mary motion should be denied.

13. For the reasons set forth herein, Appellants' Motion for Reinstatement of the Appeal should be denied.

Dated: May 12, 2016
     New York, NY

   \_\_\_/S/_____
   Robert S. Wolf, Esq.